An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

## IN THE SUPREME COURT OF THE STATE OF NEVADA

MEOSHA STALLWORTH,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 60693

**FILED**

FEB 1 3 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY R. Malone
DEPUTY CLERK

### ORDER OF AFFIRMANCE

This is a proper person appeal from an order of the district court denying a post-conviction petition for a writ of habeas corpus.[1] Eighth Judicial District Court, Clark County; Kathleen E. Delaney, Judge.

In her petition, filed on October 7, 2011, appellant raised several claims of ineffective assistance of trial counsel. To prove ineffective assistance of counsel sufficient to invalidate a judgment of conviction based on a guilty plea, a petitioner must demonstrate (a) that his counsel's performance was deficient in that it fell below an objective standard of reasonableness and (b) resulting prejudice in that there is a reasonable probability that, but for counsel's errors, petitioner would not have pleaded guilty and would have insisted on going to trial. Hill v. Lockhart, 474 U.S. 52, 58-59 (1985); Kirksey v. State, 112 Nev. 980, 988, 923 P.2d 1102, 1107 (1996). Both components of the inquiry must be shown. Strickland v. Washington, 466 U.S. 668, 697 (1984). A petitioner

---

[1]This appeal has been submitted for decision without oral argument, NRAP 34(f)(3), and we conclude that the record is sufficient for our review and briefing is unwarranted. See Luckett v. Warden, 91 Nev. 681, 682, 541 P.2d 910, 911 (1975).

SUPREME COURT
OF
NEVADA

(O) 1947A

13-04626

must raise claims supported by specific factual allegations that, if true and not repelled by the record, would entitle him to relief. Hargrove v. State, 100 Nev. 498, 502, 686 P.2d 222, 225 (1984).

First, appellant claimed counsel was ineffective for failing to investigate appellant's claim that she acted in self-defense. Appellant failed to demonstrate deficiency or prejudice. Counsel was not objectively unreasonable in not investigating a self-defense claim where, as here, appellant asserted that she blacked out and could not recall the attack and the victim suffered iron burns to her back. Moreover, even if appellant believed that she did act in self-defense, this information would have been known to her at the time of her plea and thus did not affect her decision to plead guilty. We therefore conclude that the district court did not err in denying this claim.

Second, appellant claimed counsel was ineffective for failing to adequately cross-examine the victim or cast doubt on the victim's version of events at the preliminary hearing. Appellant failed to demonstrate deficiency or prejudice. Appellant did not demonstrate that counsel's cross-examination was objectively unreasonable. Further, counsel pursued a line of questioning that suggested the victim was the aggressor, but the justice court sustained the State's objections on the grounds of relevance. Moreover, the facts that appellant alleged counsel should been brought out through cross-examination would have been known to appellant at the time of her plea and thus did not affect her decision to plead guilty. We therefore conclude that the district court did not err in denying this claim.

Third, appellant claimed counsel was ineffective for not objecting to the State's in-court amendment of the information. Appellant

failed to demonstrate deficiency or prejudice. The State moved to amend the information so as to comport with the terms of the guilty plea agreement which counsel had negotiated and which appellant accepted. We therefore conclude that the district court did not err in denying this claim.

Fourth, appellant claimed counsel was ineffective for failing to ensure she was given a trial on the deadly-weapon enhancements. Appellant failed to demonstrate deficiency or prejudice. Appellant pleaded guilty, thereby obviating the need for a trial. We therefore conclude that the district court did not err in denying this claim.

Fifth, appellant claimed counsel was ineffective for failing to understand the elements contained in NRS 200.450. Appellant failed to demonstrate deficiency or prejudice. Appellant was neither charged with nor pleaded guilty to challenging or accepting a challenge to a fight. Further, there is no evidence that either appellant or the victim challenged the other to a fight. We therefore conclude that the district court did not err in denying this claim.

Sixth, appellant claimed counsel was ineffective for failing to understand that a clothes iron, a clothes hanger, and window cleaning solution are not "deadly weapons" under the law. Appellant failed to demonstrate deficiency or prejudice. Appellant was initially charged with, among other crimes, battery with the use of a deadly weapon resulting in substantial bodily harm (repeatedly pressing a hot clothes iron against the victim's bare back) and attempt murder with a deadly weapon (attempting to use a lighter to light a mixture of fluids with which she had doused the victim). The iron and lighter were used under circumstances in which they were "readily capable of causing substantial bodily harm or death"

and were thus deadly weapons under the law. NRS 193.165(6)(b). We therefore conclude that the district court did not err in denying this claim.

Seventh, appellant claimed counsel was ineffective for failing to ensure the State filed the battery charges pursuant to NRS 33.018 and for failing to ensure that appellant was convicted only of misdemeanor battery pursuant to NRS 200.485 since she did not intend to inflict substantial bodily harm. Appellant failed to demonstrate deficiency or prejudice. Counsel had no authority to direct the manner in which the State filed charges. Further, NRS 33.018 is not a criminal statute under which appellant could have been charged. Finally, where a battery results in substantial bodily harm, the battery is a felony. NRS 200.485(1); NRS 200.481(2)(e)(2). We therefore conclude that the district court did not err in denying this claim.

Eighth, appellant claimed counsel was ineffective for failing to request a competency hearing. Appellant failed to demonstrate deficiency or prejudice because she failed to state specific facts that would indicate that counsel had reason to doubt her competency or that she was unable to understand the nature of the criminal charges against her or aid and assist counsel in her defense. Hernandez v. State, 124 Nev. 978, 992, 194 P.3d 1235, 1244 (2008). We therefore conclude that the district court did not err in denying these claims.

Ninth, appellant claimed counsel was ineffective for failing to investigate a battered-spouse defense. Appellant failed to demonstrate deficiency or prejudice because she failed to state specific facts that would suggest that she suffered from battered-spouse syndrome, see Boykins v. State, 116 Nev. 171, 174-75, 995 P.2d 474, 476-77 (2000), nor did she

allege that she lacked the necessary intent as a result of it. We therefore conclude that the district court did not err in denying this claim.

Tenth, appellant claimed counsel was ineffective for failing to investigate appellant's mental health history and whether she was insane at the time of the attack. Appellant failed to demonstrate deficiency or prejudice because she failed to state specific facts that, if true, would have entitled her to relief. Appellant, who claimed that she did not recall the attack, did not allege that she was laboring under a delusion. See Finger v. State, 117 Nev. 548, 576, 27 P.3d 66, 84-85 (2001). She also failed to point to any specific evidence that would have suggested to counsel that appellant was acting under a delusion and that an insanity investigation was warranted. Further, appellant was aware of her own mental health history and failed to specify how counsel's investigation into it would have affected her decision to plead guilty. We therefore conclude that the district court did not err in denying these claims.

Eleventh, appellant claimed counsel was ineffective for adding charges at sentencing and urging the district court to sentence her to consecutive terms. Appellant failed to demonstrate deficiency or prejudice because her claim was belied by the record. Appellant's sentence was in accordance with her guilty plea. To the extent appellant was challenging the correction to the guilty plea agreement to include the consecutive sentence for a deadly weapon enhancement to the coercion count, it was the State that pointed out the error and appellant's responses to the district court's inquiry indicated that she understood the omission was a clerical error. We therefore conclude that the district court did not err in denying this claim.

Twelfth, appellant claimed counsel was ineffective for taking advantage of appellant's lack of education, coercing her into taking a guilty plea, not filing pretrial motions, not mustering an adequate defense team, not objecting to the grand jury proceedings, and not maintaining meaningful communication. Appellant failed to demonstrate deficiency or prejudice because her bare, naked claims were devoid of specific facts. Further, frank advice about the likelihood of success at trial is not ineffective assistance. We also note that appellant's case was not brought before a grand jury; rather, she was charged via information after a preliminary hearing. We therefore conclude that the district court did not err in denying these claims.

Appellant next claimed that her guilty plea was invalid because the evidence was all circumstantial or hearsay and she was not aware of the consequences of a consecutive sentence. The totality of the circumstances demonstrate that appellant's plea was entered into knowingly, voluntarily and intelligently. See State v. Freese, 116 Nev. 1097, 1105, 13 P.3d 442, 448 (2000). The victim's testimony of appellant's actions during the attack were not hearsay, see NRS 51.035, and a conviction may be had by circumstantial evidence alone, Buchanan v. State, 119 Nev. 201, 217, 69 P.3d 694, 705 (2003). Further, appellant was advised at the plea canvass that the deadly weapon enhancement would run consecutive to the substantive offense of coercion. After consulting with counsel, appellant acknowledged on the record that she understood that the enhancement must, by law, run consecutive to the underlying offense. We therefore conclude that the district court did not err in denying this claim.

Appellant's remaining claims—the prosecutor engaged in misconduct, appellant was denied her right to confront witnesses against her, and the victim was not charged despite her violent tendencies—are outside the scope permissible where the conviction arises out of a guilty plea. NRS 34.810(1)(a). We therefore conclude that the district court did not err in denying these claims.

For the foregoing reasons, we

ORDER the judgment of the district court AFFIRMED.[2]

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Cherry

cc:  Hon. Kathleen E. Delaney, District Judge
     Meosha Stallworth
     Attorney General/Carson City
     Clark County District Attorney
     Eighth District Court Clerk

---

[2]We have reviewed all documents that appellant has submitted in proper person to the clerk of this court in this matter, and we conclude that no relief based upon those submissions is warranted. To the extent that appellant has attempted to present claims or facts in those submissions which were not previously presented in the proceedings below, we have declined to consider them in the first instance.